AO93 Search and Seizure Warrant



# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>2440 S 79th Drive, Phoenix, Arizona 85043. | Case No.  24-9451 MB<br><br>**(Filed Under Seal)** |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A-1.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B-1.**

**YOU ARE COMMANDED** to execute this warrant on or before  11/6/2024  *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to any United States Magistrate Judge on criminal duty in the District of Arizona.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for  30  days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 10/23/2024 @ 5:30pm         *Eswillett*
                                                  *Judge's signature*

City and state: Phoenix, Arizona         HONORABLE EILEEN S. WILLETT, U.S. Magistrate Judge
                                         *Printed name and title*

## ATTACHMENT A-1

*Property to be searched*

The main residence is a single story 1434 square foot residence with an attached two car garage located at 2440 S 79th Dr Phoenix, AZ 85043 ("Subject Premises"). The structure is tan adobe with tan trim, with a brown tile roof. The property is located at the northwest end of a cul-de-sac and is bordered by a park directly to the north. The property has a brown wood fence blocking off the backyard on the southeast side south of the garage. The front door faces east with a small, covered porch that is not visible directly from the street. The property has a yellow sign numbered "2440" to the right of the garage when facing the residence.



## **ATTACHMENT B-1**

*Property to be seized*

1. Any illegal controlled substances.
2. Black backpack used by Jorge GONZALEZ-Salvatierra to transport the methamphetamine on October 22, 2024, and the black baseball cap with "chef" that GONZALEZ was wearing on September 5, 2024.
3. Drug ledgers, drug customer lists, drug inventory lists, weights and prices, dealer lists, criminal associates lists, or any notes containing the individual names of such persons, telephone numbers or addresses of these customers or dealers, and any records of accounts receivable, money paid or received, drugs supplied or received, cash received, or to be paid for controlled substances, or intended to be paid for controlled substances;
4. Records relating to the receipt, transportation, deposit, transfer, or distribution of money, including but not limited to, direct deposit confirmations, wire transfers, money orders, cashier's checks, check stubs, PayPal or other electronic money transfer services, check or money order purchase receipts, account statements, and any other records reflecting the receipt, deposit, or transfer of money;
5. United States currency, foreign currency, financial instruments, negotiable instruments, jewelry, precious metals, stocks, bonds, money wrappers, and receipts or documents regarding purchases of real or personal property;
6. Safe deposit box keys, storage locker keys, safes, and related secure storage devices, and documents relating to the rental or ownership of such units;
7. Currency counters;
8. Indicia of occupancy, residency, rental, ownership, or use of the Subject Premises and any vehicles found thereon during the execution of the warrant, including, utility and telephone bills, canceled envelopes, rental, purchase or lease agreements, identification documents, keys, records of real estate transactions, vehicle titles and registration, and vehicle maintenance records;

9. Photographs, including still photos, negatives, slides, videotapes, and films, in particular those showing co-conspirators, criminal associates, U.S. currency, real and personal property, firearms, or controlled substances;

10. Paraphernalia related to the importation, transportation, use, or distribution of controlled substances or proceeds from the sale of controlled substances, including materials commonly used for the clandestine shipment thereof, including but not limited to, scales, bottles, mixing bowls, spoons, grinders, cutting agents, cutting boards, baggies, knives/razors, plastic wrap/cellophane, tape, seals, boxes, packaging materials, scent masking agents, shipping labels, and storage containers;

11. Firearms, ammunition, magazines, cases, boxes, holsters, slings, gun pieces, gun cleaning items or kits, ammunition belts, original box packaging, targets, expended pieces of lead, and records, receipts, or other paperwork showing the purchase, storage, disposition, or dominion and control over firearms and ammunition.

12. Cellular telephones and SIM cards (hereafter referred to collectively as "electronic storage media");

    a. Records evidencing ownership or use of electronic storage media, including sales receipts, registration records, and records of payment;

    b. Any records and information found within the digital contents of any electronic storage media seized from the Subject Premises, including:

    c. all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of drugs, drug packaging, and weapons;

    d. all information related to buyers or sources of drugs or weapons (including names, addresses, telephone numbers, locations, or any other identifying information);

    e. all bank records, checks, credit card bills, account information, or other financial records;

f. all information regarding the receipt, transfer, possession, transportation, or use of drug or firearm proceeds;

g. any information recording schedule or travel;

h. evidence of who used, owned, or controlled the electronic storage media at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, correspondence, and phonebooks;

i. evidence indicating how and when the electronic storage media were accessed or used to determine the chronological context of electronic storage media access, use, and events relating to crime under investigation and to the electronic storage media user;

j. evidence indicating the electronic storage media user's state of mind as it relates to the crime under investigation;

k. evidence of the attachment to an electronic storage medium of another storage device or similar container for electronic evidence;

l. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the electronic storage media;

m. evidence of the times the electronic storage media were used;

n. passwords, encryption keys, and other access devices that may be necessary to access the electronic storage media;

o. documentation and manuals that may be necessary to access the electronic storage media or to conduct a forensic examination of the electronic storage media;

p. records of or information about Internet Protocol addresses used by the electronic storage media;

q. records of or information about the electronic storage media's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or

    "favorite" web pages, search terms that the user entered into any internet search engine, and records of user-typed web addresses;

  r. contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as prints, slides, negatives, videotapes, motion pictures, or photocopies). This shall include records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the computer, electronic device, or other storage medium.

This warrant authorizes a review of records and information seized, copied or disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the ATF may deliver a complete copy of the seized, copied, or disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.